UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Youngstown Division

SYDNEY VEGODA and DYLAND EDWARD, )
)
)
Plaintiffs, )
)
)
STUDENT GOVERNMENT ASSOCIATION )
ELECTIONS BOARD, )
KAREN BECKER, Advisor )
TAYLOR CHRISTIAN, )
Elections Board Chairman )
NATALIE HALAVICK, Elections Board Member )
CHAD TORRES, Elections Board Member, )
RODGER PAGE, Elections Board Member, and )
KYLIE SMITH, Elections Board Member, )
)
Defendants. )



FILED
2017 APR 10 PM 4: 10
CLERK U.S. DISTRICT
N DISTRICT OF
YOUNGSTOWN

4:17 CV 0761

JUDGE LIOI

MAG. JUDGE LIMBERT

COMPLAINT

The plaintiffs, Sydney Vegoda and Dylan Edwards, move the Court for entry of judgement in their favor against the Youngstown State University ("YSU") Elections Board, Dr. Karen Becker, Taylor Christian, Natalie Halavick, Chad Torres, Rodger Page, and Kylie Smith, Megan Evans, and Noor Khalayleh in support of such Complaint avers as follows:

NATURE OF ACTION AND JURISDICTION

1. This is a civil action under 42 U.S.C. S 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs of rights secured under the Constitution and laws of the United States; retaliating against the Plaintiffs for their exercise of constitutionally protected speech; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. This case arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. The Court has jurisdiction in this matter pursuant to

3. Plaintiffs bring this action resulting from damages incurred due to the unlawful violation of their First Amendment and Fourteenth Amendment Rights.

4. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of occurred in this district; evidence of declaration of candidacy relevant to the allegations maintained in this judicial district.

5. ThisCourt has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Sydney Vegoda is a current student at Youngstown State University and Student Government Association presidential candidate.

7. Plaintiff Dylan Edwards is a current student at Youngstown State University and Student Government Association vice-presidential candidate.

7. The Youngstown State University Elections Board committee is a subdivision of the Youngstown State University Student Government. It is vested with the supervision of the Youngstown State University Student Government Association election proceedings.

8. Karen Becker is an advisor to the Youngstown State University Student Government Association, and Youngstown State University Student Government Association Elections Board.

9. Taylor Christian is the Chairman of the Youngstown State University Student Government Association Elections Board, and currently enrolled at the University.

9. Natalie Halavick is a member of the Youngstown State University Student Government Association Elections Board, and currently enrolled at the University.

10. Chad Torres is a member of the Youngstown State University Student Government Association Elections Board, and currently enrolled at the University.

11. Rodger Page is a member of the Youngstown State University Student Government Association Elections Board, and currently enrolled at the University.

12. Kylie Smith is a member of the Youngstown State University Student Government Association Elections Board, and currently enrolled at the University, her address is unknown at this time.

## FACTS

13. Sydney C. Vegoda (hereinafter "Plaintiff" or "Vegoda") and Dylan T. Edwards (hereinafter "Plaintiff" or "Edwards") have been enrolled as students of Youngstown State University since August 2014.

14. On Thursday, February 16, 2017, Plaintiffs, Vegoda and Edwards, petitioned Youngstown State University Student Government Association ("YSU-SGA") to run for President and Executive Vice-President for the 2017-2018 school year.

15. On Friday, February 17, 2017, Plaintiffs, Vegoda and Edwards, received confirmation that said petition was accepted and their names would in fact appear on the 2017-18 YSU-SGA ballot.

15. Voting occurred from April 4-6, 2017.

16. Respondents' campaign routinely advanced that their opponents were part of the "status quo", that the current administration favored those persons who were either on SGA or were their friends, and that the status quo, including their opponents, were not supporting of the most transparent form of governance.

17. Youngstown State University traces its beginnings to a commercial law course offered by the Young Men's Christian Association (YMCA) in 1908. The YMCA had offered high school level and vocational courses since 1888, but wanted to meet the college-level needs of area residents in a society undergoing rapid industrialization and urbanization. The YMCA offered courses on law, business and engineering; and in 1910, even instituted a School of Law that granted no degree, but prepared students to take the bar exam.

18. In 1916, the YMCA incorporated all of its education work under the Youngstown Association School. By the early 1920's the Ohio Board of Education granted the School of Law the power to confer the Bachelor of Science in Law degree and in 1924 the School of Commerce and Finance the right to confer the bachelor's degree in commercial science.

19. In 1944, the trustees of the YMCA transferred control of the institution to the members of the Corporation of Youngstown College, and in 1955 the corporation was rechartered as The Youngstown University.

20. The University joined the Ohio system of higher education in September 1967 as Youngstown State University.

21. As of June 30, 2016, Youngstown State University has total assets in excess of $312,000,000. From June 30, 2015 through June 30, 2016, YSU received almost 50,000,000 (Youngstown State University, Single Audit Report, June 30, 2016 and 2015).

22. The Student Government Association ("SGA") is organized and operated pursuant to applicable established rules and guidelines. It's stated mission is "To Unite. To Represent. To Serve. In order to better represent the students of Youngstown State University, to unite more closely the interests of undergraduates, graduates, faculty, and staff, to obtain the best leadership for guidance to higher goals and ideals, and to provide for the most efficient and successful management of all student activities, we, the students of Youngstown State University, do ordain and establish this Constitution." At all times, the SGA acts under the color of state law.

23. The SGA is structured as an arm of the University, receives its funding from the University, its President, Vice-President and other officials receive compensation for their services, and it acts under the color of state law. The SGA has established an Elections

Board, which acts as an arm of the SGA and derives its authority and ability to make determinations regarding matters such as, but not limited to, candidate qualifications,, hear grievances, set sanctions and determine the winner of elections. At all times, the Elections Board acts under the color of state law.

24. On Thursday, April 6, 2017 7:37:32 PM, Taylor Christian, in his capacity as a member of the Youngstown State Student Government Association's Election Board, sent an e-mail to both Sydney Vegoda and Dylan Edwards. The e-mail reads:

> Sydney & Dylan,
>
> A grievance has been filed against your campaign for violating University Policy and the Student Code of Conduct in Article III Section 21 (b) regarding unauthorized distribution or dissemination of an audio or video recording or photograph of any person without his or her prior consent, even if the audio or video recording or photograph originally had been produced with the person's consent. The grievance also includes a libel/slander charge for editing a clip of Rayann to obscure her views on transparency.
>
> You must file a response by 3:30 PM on April 10th for the charges against you.
>
> There will be a hearing that is tentatively scheduled in the James Gallery on Monday, April 10th at 5:30 PM. We will e-mail you IF anything changes.
>
> You will have 5 minutes for your opening statement where you will present your case. There will be a maximum of 5 minutes of questioning per witness per side. You will also get 2 minutes to make your closing statement.
>
> If you plan on calling witnesses, let us know how many by 3:30 PM on April 10th. Let us know if you will be at the hearing.
>
> Regards,
>
> Taylor Christian

## DECLARATORY JUDGEMENT

## 14TH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS

25. The failure to provide Respondents with copy of the Grievance, not only, violates Article VII, Section 6 (3) of the By-Laws, but it also offends the Respondents Constitutional Rights, as provided by Article 14 of the United States Constitution. Article 14, Section 1 provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

26. The Elections Board, as an arm of SGA, which itself is an arm of Youngstown State University, is not a private party. Rather, it is a governmental actor at a state funded institution and, as such, it is obligated to comply with the Constitution of the United States. In a disciplinary matter such as the one Respondents are being asked to participate in, the student's property and liberty interests are involved. Such property rights—the rights to the votes that they have received, the opportunity to be elected to the President and Vice-President position and the loss of the benefits afforded the elected positions—demand that the Elections Board act in accordance with the due process demands of the 14th Amendment.

27. Defendants failed to provide Plaintiffs with a copy of the Grievance and, as such, Plaintiffs did not receive a the notice as required by due process clause.

28. Defendants' failure to provide Plaintiffs with a copy of the Grievance substantially impeded Plaintiff's ability to prepare a meaningful defense, which constitutes a violation of the due process clause of the 14th Amendment.

29. Plaintiffs may sustain significant injury and harm due to the failure of the Defendants to provide them with the rights afforded by the Due Princess Clause—in that the Elections Board can deduct votes from Plaintiffs, which could impact the election.

WHEREFORE, Plaintiffs seek to have this Honorable Court to enter Declaratory Judgment in their favor and enjoin Defendants' from rendering a judgment on the Grievance and modifying Respondents' vote total.

## II. DECLARATORY JUDGEMENT

### FIRST AMENDMENT

30. Defendants have before it a grievance that suggest that Plaintiffs engaged in either slander or libel.

31. Plaintiffs have not been sued for either libel or slander and have not had a court render a determination as to whether they engaged in libel or slander.

32. Plaintiffs believe and therefore aver that the basis for the libel or slander grievance is based upon their political speech, which is protected under the First Amendment.

33. Defendants are capable of impacting the results of an election at a public institution.

34. Defendants seek to punish Plaintiffs making comments, statements and social media posts that were critical of their political opponents and the current Student Government Association.

35. Defendants' conduct is meant to suppress Plaintiffs' Constitutional right.

36. At all times, Plaintiffs' speech was political speech, made in relations to an election, regarding political candidates and is deserving of the greatest measure of protection.

WHEREFORE, Plaintiffs seek to have this Honorable Court to enter Declaratory Judgment in their favor and enjoin Defendants' from rendering a judgment on the Grievance and modifying Respondents' vote tota as such would be in violation of Plaintiffs' First Amendment Rights.

Respecfully submitted,

224 W Wood St. #1B
Youngstown OH 44502

Sydney Vegoda

224 W Wood St
Youngstown OH 44502

Dylan Edwards