# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SYDNEY VEGODA, | ) | CASE NO. 4:17cv761 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| STUDENT GOVERNMENT | ) | |
| ASSOCIATION ELECTIONS BOARD, | ) | |
| et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the application of plaintiff Sydney Vegoda ("Vegoda") to proceed *in forma pauperis*, without the pre-payment of costs, fees, or security. (Doc. No. 2.) That application is granted. Also before the Court is the motion of defendants Youngstown State University ("YSU") and Karen Becker ("Becker") to dismiss this action pursuant to Rule 4(m) and 12(b)(2) and (6) of the Federal Rules of Civil Procedure. (Doc. No. 7 ["MTD"].) The motion is unopposed. For the foregoing reasons, the motion to dismiss is granted in part.

On April 11, 2017, Vegoda and a second individual, Dylan Edwards ("Edwards"), both students at YSU, filed the present action alleging that their First and Fourteenth Amendment rights were violated in connection with their participation as candidates in an election run by the Youngstown State University Student Government Association Elections Board ("YSU Elections Board"). The FAC raises two claims under 42 U.S.C. § 1983. (Doc. No. 3 (First Amended Complaint ["FAC"]).) According to the FAC, the YSU

Elections Board is an arm of YSU. (FAC ¶ 23.) The FAC further identifies the following individuals and entities as defendants: the YSU Elections Board, Becker (the YSU Elections Board adviser), and several other individuals who are current students at YSU and, according to the FAC, also serve on the YSU Elections Board. (*Id*. ¶¶ 7-8, 9-12.) Plaintiffs seek declaratory and injunctive relief, and costs pursuant to 42 U.S.C. §1988.[1] (*Id*. at 35.)

Neither Vegoda nor Edwards paid the Court filing fee of $400.00, and only Vegoda sought leave to proceed *in forma pauperis*. In an order dated April 20, 2017, Edwards was directed to either pay the filing fee or file an application for leave to proceed *in forma pauperis*. (Doc. No. 4.) When Edwards failed to comply with the order by either paying the fee or filing the appropriate application, the Court dismissed him from this action. (Doc. No. 6.)

In support of their motion to dismiss, filed September 7, 2017, YSU[2] and Becker raise three arguments. First, they maintain that this action should be dismissed because Vegoda failed to make proper service, pursuant to Fed. R. Civ. P. 4(m), upon them within 90 days of filing suit. (MTD at 46.) Second, they argue that Vegoda has failed to prove proper service under Fed. R. Civ. P. 12(b)(2) or (5). (*Id*. (citing, among authority, *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co*., 91 F.3d 790, 792 (6th Cir. 1996)). Finally,

---

[1] The FAC actually cites 42 U.S.C. § 1989 as the source for an award of costs. That statute, however, refers to the appointment of magistrate judges. The Court surmises that plaintiff intended to cite 42 U.S.C. § 1988, which provides for attorneys' fees and costs to prevailing parties in civil rights litigation.

[2] The FAC actually identifies YSU Election Board, and not YSU, as a defendant. However, the pleading also provides that the YSU Election Board is "an arm of the University," and funded by YSU, and there are no allegations that would support a finding that it is a separate entity subject to suit. (FAC ¶ 23.)

2

YSU posits that the FAC fails to state a claim against it, pursuant to Fed. R. Civ. P. 12(b)(6), because it is not a "person" that can be sued under 42 U.S.C. § 1983, and because it is immune from suit under the Eleventh Amendment. (*Id*. at 47.) The Court will begin with the last argument.

*YSU's Motion to Dismiss*

YSU argues, and the Court agrees, that Vegoda cannot bring a § 1983 action against it in federal court to redress a constitutional violation. Section 1983 creates a private cause of action for violations of constitutional rights committed by a "person" acting under the color of state law. 42 U.S.C. § 1983. The Supreme Court has held that "neither the State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Public universities within the State of Ohio, such as Youngstown State University, are considered to be arms of the State. Ohio Rev. Code § 2743.01(A) (Under Ohio law, the term "state" includes "all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state."); Ohio Rev. Code § 3345.011 (identifying YSU as a state university); *see McKenna v. Bowling Green State Univ*., 568 F. App'x 450, 456 (6th Cir. 2014); *McCormick v. Miami Univ*., 693 F.3d 654, 661 (6th Cir. 2012) (citations omitted); *see also Underfer v. Univ. of Toledo*, 36 F. App'x 831, 834 (6th Cir. 2002) ("[T]his Court has held that publicly-funded universities are not considered 'persons' under § 1983) (citations omitted).

Additionally, even if YSU qualified as a "person" subject suit under § 1983, it still would be entitled to Eleventh Amendment immunity. The immunity afforded to states

under the Eleventh Amendment extends to "all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treas., State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations, including internal citations, omitted). The Sixth Circuit and its lower courts have routinely held that public universities are immune from § 1983 lawsuits under the Eleventh Amendment. *See, e.g., McCormick*, 693 F.3d at 661 (Miami University was immune); *McKenna*, 568 F. App'x at 456-67 (finding, alternatively, that BGSU was entitled to Eleventh Amendment immunity from § 1983 suit); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000) (finding the University of Cincinnati to be an arm of the state entitled to Eleventh Amendment immunity); *Sahm v. Miami Univ.*, No. 1:14-cv-698, 2015 WL 93631, at *4 (S.D. Ohio Jan. 7, 2015 (similar). Accordingly, the Court dismisses YSU from this action.

Further, to the extent that Vegoda is suing Becker in her official capacity for declaratory judgment, which is tantamount to a suit for damages, her claims against Becker are also barred by the Eleventh Amendment. *See Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations, including internal citation, omitted); *see also Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 654 (S.D. Ohio 2016) (quoting *Green v. Mansour*, 474 U.S. 64, 73, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985) (permitting declaratory judgments would result in "a partial end run around' the Supreme Court's Eleventh Amendment jurisprudence)). However, Vegoda also seeks prospective injunctive relief, and the Eleventh Amendment

permits "federal courts [to] enjoin state officers in their official capacity from prospectively violating a federal statute or the Constitution." *Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 904 (6th Cir. 2014) (citation omitted). Because "the Eleventh Amendment does not preclude a suit against [a state official] for prospective injunctive relief[,]" *McCormick*, 693 F.3d at 662 (citation omitted), this action may proceed, at this time, against Becker in her official capacity for prospective injunctive relief.

*Service*

YSU and Becker also argue that both defendants must be dismissed because they were not timely served under the Federal Rules of Civil Procedure. Here, the Court disagrees. While YSU and Becker cite Rule 4(m), because Vegoda is proceeding *in forma pauperis*, service is governed by the Sixth Circuit's holding in *Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). *See also* 28 U.S.C. § 1915(d) (requiring officers of the court to issue and serve all process for *in forma pauperis* plaintiffs). *Byrd* involved an appeal from a district court's dismissal, under Rule 4(m), of a *pro se* case brought by an individual proceeding *in forma pauperis*. In reversing the district court's dismissal, the court held that a plaintiff proceeding *in forma pauperis* is relieved of the burden to serve process under the federal rules. *Id.* at 219 ("Together, Rule 4(c)(2) and Rule 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants[.]")

However, this does not end the inquiry regarding service. Because plaintiff has not provided U.S. Marshal forms or copies of the amended complaint to serve the remaining

defendants, the Clerk's Office cannot forward this matter to the U.S. Marshal for service. Plaintiff is therefore ordered to provide six copies of the amended complaint, and a completed U.S. Marshal form for each remaining defendant, within thirty (30) days. Plaintiff is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the copies and completed forms.

If plaintiff does not comply with this Order, this case will be dismissed without further notice.

**IT IS SO ORDERED**.


Dated: November 3, 2017

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**